NATALIA RODRÍGUEZ DE RAMÍREZ, asistida por su esposo RAFAEL RAMÍREZ, demandante y recurrida, *v.* CÁNDIDO OLIVERAS, en su carácter de SECRETARIO DE INSTRUCCIÓN PÚBLICA DE PUERTO RICO, demandado y recurrente.

*Número:* R-63-188      *Resuelto:* 3 de diciembre de 1965

*Antonio J. Amadeo Murga,* abogado del recurrente; *Virgilio Brunet,* abogado de la recurrida.

Sala Segunda integrada por el Juez Asociado Señor Belaval como Presidente de Sala y los Jueces Asociados Señores Santana Becerra, Blanco Lugo y Ramírez Bages.

EL JUEZ ASOCIADO SEÑOR SANTANA BECERRA emitió la opinión del Tribunal.

La profesora Natalia Rodríguez de Ramírez demandó al Secretario de Instrucción Pública en solicitud de *Mandamus* para que se le repusiera en su cargo de Registradora de la Escuela Superior de Bayamón. Según sus alegaciones admitidas por el Secretario, durante el año escolar 1961–62 trabajó como Registradora de la Escuela Superior de Bayamón con nombramiento permanente; había desempeñado dicho cargo durante los últimos cinco años y había trabajado como maestra en la referida escuela durante otros 15 años. Posee el grado de Bachiller en Educación de la Universidad de Puerto Rico. Al comenzar él curso escolar de 1962–63 el Superintendente de Escuelas de Bayamón le notificó por carta que para ese curso escolar había sido asignada a la Escuela Intermedia de Lomas Verdes como Registradora. Durante el mes de julio de 1962, antes de la apertura del curso escolar 1962–63 y con anterioridad a la radicación de su demanda, la profesora impugnó el referido traslado ante el Secretario de Instrucción y solicitó ser oída y restituida a su empleo, a lo cual no se accedió. [1]

La Sala sentenciadora falló que la demandante fuera restituida a su cargo de Registradora de la Escuela Superior de Bayamón. Sostiene el Secretario recurrente que los cargos de Registrador de la Escuela Superior y de la Escuela Intermedia son de la misma categoría y que su traslado fue una reasignación por la conveniencia del servicio. Sostiene

[1] En el curso del pleito, y en una moción suya solicitando la suspensión del juicio el Secretario demandado hizo constar que entendía que el caso de la profesora Natalia Rodríguez de Ramírez se había dado por terminado al estar claro que la Sra. Rodríguez estaría asignada para el próximo curso escolar a la Escuela Superior de Bayamón. En el mismo escrito se pidió que el caso no se señalara hasta el primero de julio de 1963 fecha en que la profesora comenzaría a estar asignada nuevamente a la Escuela Superior de Bayamón, por lo que el pleito sería innecesario. Esta moción está fechada 31 de mayo de 1963. La restitución no se efectuó.

la recurrida que el traslado fue ilegal, en violación de la ley de nombramiento permanente de los maestros en sus cargos, arbitrario e injusto, y como un castigo degradándola a un cargo de inferior categoría por haber ella ejercitado su derecho a viajar durante el mes de actividades.

De acuerdo con los hechos aceptados por el Secretario de Instrucción no hay duda que la demandante tenía derecho a desempeñar un cargo de maestra en la Escuela Superior de Bayamón a tenor de la Ley Núm. 312 de 15 de mayo de 1938 según ha sido enmendada. Fue en dicha categoría que ella adquirió su permanencia. Dispone este estatuto que los maestros permanentes sólo podrán ser suspendidos o separados de sus cargos por justa causa, según lo dispuesto en y mediante procedimiento prescrito por la Ley Escolar y los Reglamentos del Departamento de Instrucción.

Cuando se aprobó la Ley Núm. 312 estableciendo la permanencia de los maestros en la categoría en que la hubieren adquirido, existía una escuela elemental del primero al octavo grado y una escuela secundaria del noveno al duodécimo. En 12 de mayo de 1944 se enmendó la Ley Núm. 312 por la Núm. 96. Se reconoció por la Asamblea Legislativa la existencia de una "escuela Intermedia" identificada en la Ley como *"Junior High School."* Se expresó en una Exposición de Motivos que los maestros de estas escuelas eran reclutados en su mayor parte de los mismos maestros que con el nombramiento de maestros elementales trabajaban en los grados superiores de la escuela elemental, grados que ahora se incluían en los de la escuela intermedia. Acorde con lo expuesto se dispuso en la Ley enmendatoria de 1944 que cuando un maestro contratado para ejercer como maestro elemental, fuere probatorio o permanente, pasase a ocupar una plaza de maestro en la escuela secundaria asignada a la escuela intermedia, dicho maestro conservaría en la nueva plaza la condición de probatorio o permanente según fuera el caso, y que cuando un maestro de escuela intermedia, proba-

torio o permanente, pasase a una escuela elemental, conservaría igualmente en su plaza elemental la condición de probatorio o permanente.

La Ley Núm. 94 de 21 de junio de 1955 que dispone para la certificación de los maestros en el sistema de instrucción pública divide la escuela entre elemental y secundaria y establece que la Escuela Elemental incluye los grados del primero al sexto y que la Escuela Secundaria comprende la escuela intermedia compuesta de los grados séptimo, octavo y noveno, y la escuela superior compuesta de los grados décimo, undécimo y duodécimo. Esta Ley requiere, para la certificación de maestro de la escuela elemental, poseer diploma de Normal o su equivalente, o el grado de Bachiller en Artes especializado en la enseñanza de la Escuela Elemental, y para la de maestro de la Escuela Secundaria, poseer el grado de Bachiller en Artes o en Ciencias especializado en Educación o su equivalente. En cuanto a requisito y competencia se refiere, la ley trata igual a la escuela intermedia y a la superior como enseñanza secundaria, a diferencia de la elemental.

A tenor de los criterios legislativos de la Ley Núm. 94 de 1955, no encontramos base para concluir que la asignación de trabajo en la escuela intermedia a un maestro que adquirió su permanencia en la escuela superior envuelva en derecho y por sí solo una degradación del maestro en su trabajo con privación de dignidades, prestigio, honores y privilegios, en ausencia de demostración de que por trato, regla o acción administrativa autorizada en ley el maestro de escuela superior disfrute de beneficios, privilegios y honores no concedidos en la escuela intermedia.

Por otra parte, no debe ignorarse la Ley Núm. 312 de 1938 adoptada con el fin específico de asegurar que el maestro ejerza su ministerio en aquella categoría en que adquirió el derecho a ser contratado permanentemente según las disposiciones de esta Ley. Es un hecho que la enseñanza en la escuela superior y en la intermedia pertenece a distintas

categorías docentes. El Legislador así lo reconoció en 1944 al considerar la escuela intermedia en sí, aunque parte de la secundaria, como una categoría separada en la adquisición de la permanencia. Al hacerlo relacionó más la escuela intermedia con la anterior escuela elemental que con la anterior escuela superior. Se explica si se considera que de los tres años de la escuela intermedia, dos, el séptimo y el octavo, eran tradicionalmente parte de la escuela elemental. Solo uno, el noveno, pertenecía antes a la escuela superior.

■ Aun cuando haya degradación en el desempeño del cargo, en circunstancias normales un maestro con permanencia de la escuela superior debe tener derecho a ejercer en dicha escuela y no en la intermedia. Así se cumplen mejor los fines de la Ley Núm. 312, según hemos dicho que debemos aplicar este tipo de legislación. *González* v. *Gallardo, Comisionado*, 62 D.P.R. 275, 288 (1943).

Es igualmente significativo que en 1944, cuando se enfrenta a la situación creada con el cambio de sistema de enseñanza, el Legislador hizo permisible el que un maestro de la escuela intermedia pudiera ser asignado a la escuela elemental, o a la inversa, manteniendo sus respectivas categorías, pero nada dispuso sobre el particular, ni hizo permisible que un maestro permanente de la escuela superior pasara a la escuela intermedia conservando esta categoría.

La separación de la recurrida de su cargo de Registradora de la Escuela Superior de Bayamón no le fue motivada. Tampoco se le formularon cargos ni fue ella oída en sus gestiones ante el Secretario. De la prueba surge que la razón que tuvo el Superintendente de Escuelas para dar por terminados sus servicios en ese cargo fue el hecho de que a él le habían informado que la recurrida gustaba de hacer uso del mes de junio para viajar y que durante dicho mes de junio se llevaba a cabo la matrícula de la Escuela Superior de Bayamón para el año siguiente.

La Ley Núm. 39 de 15 de abril de 1941 dispuso que los maestros serán contratados y recibirán sueldos por 12 meses escolares, de los cuales 10 serán destinados al curso escolar regular, 1 mes se dedicará a un programa de actividades educativas adicionales al curso regular según las fijare el Secretario de Instrucción y el mes restante se disfrutará de vacaciones con sueldo anticipado. En 8 de mayo de 1961 el Secretario de Instrucción promulgó la Carta Circular Núm. 18 relacionada con el mes de actividades dispuesto por ley. Entre otras cosas autorizó como parte de dichas actividades los viajes al exterior con fines culturales. La solicitud para viajar debe radicarse en la oficina del Superindente de Escuelas del Distrito antes del 15 de abril de cada año y el Superintendente tomará acción sobre la solicitud. Los maestros que no desean viajar deben informarlo al Superintendente para que éste les asigne trabajo durante el referido mes de actividades. En adición los maestros que viajan deben someter al Superintendente entre otros datos, un informe sobre el programa cultural del viaje.

El récord demuestra que en el año 1961 la recurrida deseó hacer uso de su derecho a realizar un viaje cultural y se le negó por razón del trabajo. En el año 1962 trató de hacer uso nuevamente de ese derecho y después de habérsele permitido y haber hecho ella todos los preparativos para el viaje, se le negó permiso para salir a última hora, aparentemente por razón de su trabajo como Registradora en la Escuela Superior. Hay prueba de que había una Registradora Auxiliar a quien se le concedió permiso para estudiar durante este mismo mes de actividades.

Declarando el Superintendente sobre los motivos que tuvo para separar del cargo a la recurrida dijo en el récord: "Al comenzar la labor de la escuela superior, la organización de la escuela superior creyó conveniente utilizar el proceso durante el período de matrícula que es durante el mes de junio, una persona que no tuviera compromisos *ni que tampoco tu-*

*viera legalmente el derecho* que tienen todos los maestros en el mes de actividades a estudiar o viajar, en vista de que la señora Ramírez en ocasiones anteriores había solicitado viajar y se le había concedido, eso nos traía un problema porque en el momento de la matrícula, cuando la presencia de la registradora es más esencial en la escuela, ella no podía estar." (Énfasis puesto.)

■ Si ésta fue la motivación real, no nos parece que fuera una justa causa. Sería forzoso concluir que a la recurrida se le separó de su cargo permanente en la escuela superior porque ella quería hacer uso de un derecho legítimo que le concedía la Ley Núm. 39 y la Circular del Secretario de Instrucción. Si el uso de tal derecho creaba problemas de funcionamiento, el récord demuestra que existían otras maneras de resolverlo, como en efecto aparece que lo resolvieron, pero no separando a la recurrida de su cargo por pretender ejercitar un derecho de ley.

■ Ahora, si la motivación verdad de la separación, según alega la recurrida, fue un castigo por el hecho de que en esta segunda ocasión ella en efecto realizó el viaje previamente autorizado y contra la disposición última de que no se ausentara, eso pudo crear un problema disciplinario de otra naturaleza sobre el cual no procede que hagamos expresión, que corresponde al presente a la esfera administrativa. Aún así, su separación siempre sería contraria a derecho en ausencia de una formulación de cargos y oportunidad de ser oída según requiere la ley.

*Por los fundamentos anteriormente expuestos, se confirma la sentencia dictada por la Sala de San Juan del Tribunal Superior que ordenó al Secretario de Instrucción restituir a la profesora Natalia Rodríguez de Ramírez a su cargo de Registradora de la Escuela Superior de Bayamón.*